**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: <br> 100 West Street, LLC, <br>                 Debtor <br><br> GRACE S. WONG, <br>               Appellant, <br><br> v. <br><br> KEARNY FEDERAL SAVING BANK, <br>               Appellee. | Civil Action No.: 17-01898 (CCC) <br><br> **OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court by way of Appellant Grace S. Wong's ("Appellant") motion for reconsideration. ECF No. 15. Appellee Kearny Federal Savings Bank ("Appellee") has opposed Appellant's motion. ECF No. 16. The Court decides this matter without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Appellant's motion for reconsideration.

## I. BACKGROUND

Appellant filed a notice of appeal with this Court on March 22, 2017, appealing the Bankruptcy Court's decision vacating an automatic stay on March 8, 2017. ECF No. 1. Appellant filed a brief in support of her appeal on November 14, 2017 and a corrected brief on November 20, 2017. ECF Nos. 6 and 8. Appellee filed a brief in opposition on December 22, 2017. ECF No. 10. The Court issued an opinion and order on September 28, 2018 dismissing Appellant's appeal as moot. ECF Nos. 13 and 14. Appellant subsequently filed a motion for reconsideration on October 29, 2018 (ECF No. 15) and Appellee filed a brief in opposition on November 2, 2018 (ECF No. 16).

## II.    LEGAL STANDARD

"[R]econsideration is an extraordinary remedy, that is granted *'very sparingly.'*" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (emphasis added) (citations omitted); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).  A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).  To prevail on a motion for reconsideration, the moving party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a different outcome is justified by: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted).  A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape,* 549 F.3d 591, 603-04 (3d Cir. 2008)).  "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*  "Mere 'disagreement with the Court's decision' does not suffice." *Id.* (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353).  Moreover, when the assertion is that the Court overlooked something, the Court

2

must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

## III. ANALYSIS

The Court finds that reconsideration of its September 28, 2018 opinion is not warranted. Appellant has not identified an intervening change in controlling law, new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice as is required to seek reconsideration of a prior decision. *See N. River Ins. Co.*, 52 F.3d at 1218 (3d Cir. 1995). As Appellant is proceeding *pro se* in this matter, however, the Court will construe her arguments broadly. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The motion for reconsideration argues that "the court failed to find that the trustee made a business judgment, in good faith, upon some reasonable basis, and within the trustee's scope of authority" and therefore contends that the property at issue continues to be protected by an automatic stay. ECF No. 15 at 7. Appellant's argument is unavailing. The Court's September 28, 2018 opinion found that Appellant's appeal was moot due to Appellant's own failure to object to the notice of abandonment of the subject property. *See* ECF No. 13 at 6 ("Appellant did not object to the Notice of Abandonment within the obligatory time frame (i.e., by November 13, 2014."). Due to Appellant's failure to object to the Notice of Abandonment, "the Bankruptcy Trustee filed a Certificate of No Objection on November 14, 2014 [and] [t]he abandonment therefore became effective on November 14, 2014." *Id.* On August 25, 2015, the Bankruptcy Trustee properly filed a Report of No Distribution confirming that the subject property had been abandoned. ECF No. 13 at 2. Appellant filed a motion to stay the abandonment of the subject property on October 8,

2015, nearly a year after the abandonment became effective. Id. The Bankruptcy Court considered the motion and denied it on November 5, 2015. ECF No. 10 at 7.

Appellant has provided no basis for the Court to depart from its September 2018 decision wherein the Court found that the property at issue was abandoned, was no longer a part of the Bankruptcy Estate, and therefore was not protected by the automatic stay. *See* ECF No. 13 at 6-7; *see also Fields v. Bleiman*, 267 Fed. App'x 144, 147 (3rd Cir. 2008) ("When the abandonment became effective, the real property was no longer property of the bankruptcy estate. . . . Accordingly, the automatic stay did not apply to actions affecting the [] property."). Appellant's recitation in her filing of well-known and pre-existing caselaw stating the standard of review for decisions made by a bankruptcy trustee does not change the Court's prior analysis. As Appellant has failed to convincingly argue that there has been an intervening change in controlling law, that new evidence exists, or that there is a need for the Court to correct a clear error of law or otherwise reconsider its prior opinion to prevent manifest injustice, the motion for reconsideration is denied.

## IV.    CONCLUSION

For the aforementioned reasons:

IT IS on this 31st day of July 2019:

**ORDERED** that Appellant's motion for reconsideration, (ECF No. 15), is **DENIED**. The Clerk of the Court is directed to serve this Opinion and Order on Appellant by regular mail and shall close the file.

**SO ORDERED.**

CLAIRE C. CECCHI, U.S.D.J.

4